IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA )
)
v. ) No. 2:08-cr-57
)
WILLIAM McCALL )

**MEMORANDUM AND ORDER**

This criminal case is before the court on the defendant's objections to the magistrate judge's report and recommendation [doc. 51]. The magistrate judge found that the purpose of the traffic stop was legitimate and was not unreasonably long, that the defendant knowingly and voluntarily consented to the search of his vehicle, that the scope of the officer's search did not exceed the defendant's consent, and that the defendant's arrest was lawful. The government has not responded to the defendant's objections within the time allowed, and the objections are ripe for the court's consideration. The court has been provided with a video of the stop of the defendant's vehicle[1] and a transcript of the suppression hearing as well as all the relevant pleadings.

---

[1] The video displays the continuous running time of the events occurring during the stop of the defendant's vehicle. The officer's microphone, however, did not work properly and very little of what was said is audible.

Under 28 U.S.C. § 636(b), a *de novo* review by the district court of a magistrate judge's report and recommendation is both statutorily and constitutionally required.  See *United States v. Shami*, 754 F.2d 670, 672 (6th Cir. 1985).  However, it is necessary only to review "those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b); *see also United States v. Campbell*, 261 F.3d 628, 631-32 (6th Cir. 2001).

The defendant raises three specific objections to the report and recommendation: (1) that the defendant was unlawfully seized after the purpose of the initial stop was concluded; (2) that the government failed to establish that the defendant's consent to search his vehicle was knowing and voluntary; and (3) that the government failed to establish probable cause to search areas beyond the passenger compartment.  For the reasons discussed below, the objections will be overruled.  There are no objections to the magistrate judge's findings of facts, so the court will discuss the facts relevant to each of the defendant's objections as necessary.

**I.  Seizure of Defendant**

At about 11:29 a.m. on May 15, 2008, Officer Mark Hollis of the Johnson City Police Department stopped the defendant's vehicle, a red Pontiac Trans Am, for following too closely.  When Officer Hollis first approached the driver's side, he notice two guns (a rifle and a shotgun) lying on the back seat in

plain view. He asked the defendant about the guns and defendant said he bought them from a friend, but suggested that Officer Hollis could check whether they were stolen. When stopped, the defendant was excited and told Officer Hollis that he was speeding because he was late for work. Officer Hollis told the defendant he was stopped for following too closely – not speeding, and asked the defendant where he worked. The defendant claimed he was on his way to a construction job in Virginia, but Officer Hollis did not see any tools or other items in the vehicle that would support the construction job story. At one point Officer Hollis went back to the defendant and asked him where he was going. The defendant then claimed he was on vacation, and then said it was a "working vacation" because he had car trouble and was working on the car.

Officer Hollis checked the defendant's driver's license and the vehicle registration and issued a warning citation about ten minutes later. By the time the citation was ready, a second officer, Patrick Muncey, had arrived, and he and Officer Hollis approached the defendant's vehicle. The defendant argues that, at this point, he was not free to leave and was unlawfully seized within the meaning of the Fourth Amendment. He contends that the purpose of the stop was concluded when his license was returned and Officer Hollis gave him the citation. During the suppression hearing, Officers Hollis and Muncey both testified that the defendant was free to leave when his documents were returned.

3

However, neither officer told the defendant he was free to leave, and the defendant did not ask.

Once the purpose of a traffic stop is completed, a police officer "may not 'further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention.'" *United States v. Blair*, 524 F.3d 740, 752 (6th Cir. 2008) (quoting *United States v. Perez*, 440 F.3d 363, 370 (6th Cir. 2006)). Thus, in order to continue the detention of the vehicle and driver, Officer Hollis must have had a reasonable suspicion that criminal activity was afoot. *See United States v. Torres-Ramos*, 536 F.3d 542, 550 (6th Cir. 2008).

The next step is to "define the proper scope and duration of the initial traffic stop." *Id.* According to the video of the stop in this case, the traffic stop began about 11:29 a.m., and the defendant's documents were returned to him about 11:39 a.m. The court agrees with the magistrate judge that this was not an unreasonable time to check the defendant's documents and issue a citation.

The problem for the defendant in this case is that he suggested a proper reason to extend the initial traffic stop. Officer Hollis decided to take the defendant up on his offer and, as he returned the defendant's documents, asked the defendant if he could check the guns. The defendant agreed. Officer Hollis asked the defendant to step out of the vehicle so he could retrieve the guns from the back seat. Officer Hollis conducted a cursory pat down of the defendant's

4

pockets and went back to the vehicle to get the guns.  He can be heard broadcasting the serial numbers of the guns.  The court finds that the defendant's own suggestion extended the duration of the stop a few minutes.

## II.  Defendant's Consent to Search

The defendant next argues that the government failed to establish that the defendant's consent to the search of his vehicle was knowing and voluntary.  Officer Muncey testified[2] that after Officer Hollis patted down the defendant, he asked him if he had anything illegal in vehicle, and the defendant said "no" twice.  Officer Hollis then asked if the defendant would mind if Officer Hollis searched the vehicle.  The defendant again stated that he did not have anything in the vehicle.  Officer Hollis asked the defendant, "Do you mind if I search the vehicle," and the defendant said "No, sir."  This exchange occurred sometime between about 11:40 a.m. and 11:42 a.m.

The court has reviewed the video and the transcript of the suppression hearing and finds that the defendant's consent was knowing and voluntary.  Whether a defendant's consent was voluntary or was a product of duress is a question of fact to be determined from the totality of the circumstances.  *United States v. Erwin*, 155 F.3d 818, 823 (6th Cir. 1998).  The

---

[2] It appears from the transcript of the suppression hearing that there is a video from Officer Muncey's vehicle during which it is possible to hear Officer Hollis's request to search the defendant's vehicle and the defendant's response.  The video was withdrawn as an exhibit by the government, and has not been made available to this court for its review.  In any event, it appears that the defendant does not dispute that he consented to the search of his vehicle.

5

government has the burden of establishing that the defendant's consent was knowing and voluntary.  *Id.*

In this case, the court has already determined that at the time the defendant was asked for his consent to search, he was not being illegally detained.  *See Florida v. Royer*, 460 U.S. 491, 501 (1983) (during a period of illegal detention, consent given is not voluntary and evidence is inadmissible).  Further, the defendant understood what was being asked of him, and he agreed.  The video shows that the encounter was not coercive, and the court is not aware of any threats made by either officer to the effect that the defendant had to consent "or else."  The defendant had his documents and citation and could have left as soon as the serial numbers on the rifle and shotgun were checked.  The court overrules the defendant's argument that his consent was not knowing and voluntary.

### III.  Scope of the Search

Last, the defendant argues that search of his vehicle exceeded the scope of his consent.  He accuses Officer Hollis of "dismantling" the cover of his gear box where the package of methamphetamine was found.  The defendant argues that his consent to search provided no more authority to Officer Hollis than he would have possessed as a result of an arrest.

The scope of a warrantless search is limited by the scope of the consent.  *See United States v. Gant*, 112 F.3d 239, 242 (6th Cir. 1997).  The

6

standard for measuring the scope is objective reasonableness. *United States v. Garrido-Santana*, 360 F.3d 565, 575-76 (6th Cir. 2004). "Generally, the expressed object of the search defines the scope of that search." *Id.* at 576.

As an initial matter, the court finds that there is no evidence that Officer Hollis dismantled anything. Officer Hollis testified that when he opened the console, he noticed that the cover over the gear box was loose. He merely used his fingernail to lift the cover and found the package of methamphetamine.

Further, the court notes that there is nothing in the record to support a finding that the defendant somehow limited the scope of the search. When Officer Hollis asked the defendant if he "minded" if Officer Hollis searched the vehicle, his answer was "No, sir." The court also finds that the defendant was aware of what Officer Hollis was looking for before he consented to the search. Officer Muncey testified that prior to asking for the defendant's consent Officer Hollis asked the defendant if he "had anything illegal in the vehicle . . . large sums of cash or illegal narcotics." Thus, the defendant knew that Officer Hollis was looking for cash and illegal drugs, so it would not be unreasonable for him to look in the console. And, upon noticing that the gear box cover was loose, lift it up. *See Garrido-Santana*, 360 F.3d at 576 (finding that it was objectively reasonable for the officers to search any container within the vehicle that might have held contraband).

7

## IV. Conclusion

The court has reviewed the pleadings, the report and recommendation, the transcript of the suppression hearing including the exhibits, and the video of the stop, and **ADOPTS** the magistrate judge's report and recommendation in its entirety. It is hereby **ORDERED** that the defendant's objections to the report and recommendation are **OVERRULED**, and the defendant's motions to suppress evidence [docs. 22 and 31] are **DENIED**.

ENTER:

        *s/ Leon Jordan*
United States District Judge

8

Case 2:08-cr-00057-RLJ-MCLC   Document 56   Filed 11/18/08   Page 8 of 8   PageID #: 189